IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00916-WYD-MEH

MINNESOTA LAWYERS MUTUAL INSURANCE, CO., a Minnesota corporation,

Plaintiff,

v.

JOSEPH R. KING,

Defendant.

---

**ORDER ON PLAINTIFF'S MOTION TO STAY**

---

Pending before the Court is Plaintiff's Motion to Stay Discovery [filed August 3, 2010; docket #17]. The matter has been referred to this Court for disposition [docket #18]. The matter is briefed and the Court finds that oral argument will not provide assistance in adjudicating the motion. For the following reasons, Plaintiff's motion is **denied**.

**I.     Background**

Plaintiff filed its complaint on April 22, 2010 seeking declaratory relief in the form of a judgment finding it has no duty to defend or indemnify Defendant King under the subject insurance policy in an underlying tort action against King. Docket #1 at 8-9. King answered the complaint and raised counterclaims against Plaintiff for breach of contract and bad faith. Docket #8 at 6-7. In the present motion, Plaintiff seeks a stay of discovery on King's bad faith claim asserting that its forthcoming motion for summary judgment will dispose of the breach of contract claim and render the bad faith claim moot. Docket #17 at 2. King opposes the motion contending that all claims should be stayed pending a judgment in the underlying tort action.

**II.     Discussion**

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Plaintiff seeks protection from the burden of discovery on the bad faith claim at this stage in the case.

A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02519-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Typically, in evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

However, here, the Court need not engage in a full analysis of the *String Cheese* factors. Rather, the premise upon which the Plaintiff seeks a stay of discovery does not exist. There is no pending dispositive motion filed in this case regarding the Defendant's counterclaim;[1] therefore, no justification exists for imposing a stay. The Court will not order a stay of any proceeding, especially

---

[1] Throughout the briefing, Plaintiff claims that its dispositive motion "will be filed shortly." However, nearly 50 days have passed since Plaintiff filed the present motion, and no dispositive motion has been filed.

2

considering the presumption against stays in this district, based solely upon speculation.

Consideration of the *String Cheese* factors does not prompt a different result. *See String Cheese,* 2006 WL 894955, at *2. With respect to judicial efficiency in this Court, as stated above, it is the policy in this district not to stay discovery pending a ruling on dispositive motions. *See Ruampant v. Moynihan,* 2006 U.S. Dist. LEXIS 57304, *4-5 (D. Colo. Aug. 14, 2006). Consequently, the general interests of controlling the court's docket and the fair and speedy administration of justice require that the Motion to Stay Discovery be denied.

**III.     Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion to Stay Discovery [filed August 3, 2010; docket #17] is **denied**.

Dated at Denver, Colorado, this 20th day of September, 2010.

        BY THE COURT:

        /s/ Michael E. Hegarty

        Michael E. Hegarty
        United States Magistrate Judge