**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-00916-WJM-MEH

MINNESOTA LAWYERS MUTUAL INSURANCE, CO.,
a Minnesota corporation,

      Plaintiff,

v.

JOSEPH R. KING,

      Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

---

This matter is before the Court on Plaintiff's Motion for Summary Judgment, ECF No. 45, filed on October 5, 2010. For the following reasons, this motion is DENIED.

**INTRODUCTION**

This is a diversity action whereby Plaintiff Minnesota Lawyers Mutual Insurance Company ("MLM") seeks a declaration of its rights and obligations under the professional liability policy it issued to Defendant Joseph King ("King"). Plaintiff's complaint seeks three types of relief: (1) a declaratory judgment against King; (2) rescission of the Policy; and (3) reimbursement of funds expended in King's legal defense. (Compl., ECF No. 1.)

**STANDARD OF REVIEW**

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248-50 (1986).  A movant who bears the burden at trial must submit evidence to establish the essential elements of its claim or affirmative defense.  *In re Ribozyme Pharms., Inc. Sec. Litig.*, 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002).  In contrast, if the movant "does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim."  *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (internal quotations omitted).

The non-moving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *see* Fed. R. Civ. P. 56(e).  An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).  When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.  *Id.*; *see McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010).

## BACKGROUND

### I.     Factual History

Unless otherwise noted, the following facts are not in material dispute.  King worked for the law firm of White & Steele, P.C. for fifteen years. (King Aff., ECF No. 52-1 at ¶ 2-3.)  On June 1, 2007, he left White & Steele to pursue commercial real estate opportunities with two former clients.  (*Id.* at ¶ 3.)  In furtherance of that goal, King formed PMK, LLC on May 18, 2007.  (ECF No. 45-9.)  PMK, LLC identified property in

Broomfield, Colorado ("Broomfield Development") for its first investment. (ECF No. 52-1 at ¶ 6.) King then formed PMK Management, LLC on July 16, 2007 and 14039 LLC on July 17, 2007 to facilitate the investment. (*Id.*; ECF No. 45 at 6, ¶ 13-14.) King also created the Law Office of Joseph R. King, LLC ("King LLC") in this time frame. (ECF No. 52-1 at ¶ 6.) King LLC was initially formed so that King could assist any of his former clients who preferred to use his legal services. (*Id.* at ¶ 7.)

***Insurance Policy with MLM***

On June 5, 2007, King completed and electronically signed his first application for an insurance policy with MLM for King LLC. (June 2007 Policy App., ECF No. 45-2 at 8.) As part of the application process, King was asked, and answered "no" to the following questions:

8.a. In the past 5 years, has any attorney proposed for this insurance engaged in any business other than the practice of law? (Do <u>not</u> include "teaching", "property leasing" or "farming").
\* If yes, please describe:

8.b. Does the applicant firm or any attorney proposed for this insurance serve the firm's clients in another professional capacity? (e.g., as CPA, broker, agent, tax preparer, etc..)?
\* If yes, please describe:

8.c. Is any attorney of the applicant firm an officer or director of any <u>client</u> entity?
\* If yes, do all of these clients have Directors & Officers insurance with limits at least as high as the applicant's lawyers professional liability policy?

8.d. Does the applicant firm and any of its attorneys collectively have 10% or more equity interest in any <u>client</u>?
\* If yes, was interest taken in lieu of fees?

8.e. Does the applicant firm or any attorney have **any equity interest** in the following types of business?
. . . Real Estate Development Clients

(*Id.* at 2.)

MLM issued to King the Lawyers Professional Liability Insurance Policy No. 26962 01 (the "Policy"), effective July 1, 2007. (ECF No. 52-1 at ¶ 9.) King subsequently renewed his policy on April 11, 2008 and May 26, 2009, verifying, as part of the application process, that there have been no changes in his practice since submitting the previous information. (ECF Nos. 45-4, 45-5, 45-6, 45-7.) King paid the premiums for the Policy, and added an associate in March 2010. (ECF No. 52-1 at ¶¶ 10, 30.)

***Law Practice Revived***

At the time King completed the MLM application, he alleges he did not intend to practice law, nor did he intend to practice as a sole proprietor. (ECF No. 52-1 at ¶ 8.) He hoped to make ends meet through real estate. (*Id.* at ¶ 5.) However, after working on PMK, LLC full time, he allegedly realized that he needed other sources of income. (*Id.* at ¶ 7.) In July 2007, King accepted his first client engagement through King LLC, and has continued to accept clients. (*Id.* at ¶ 16.) In 2008, approximately 75 percent of King's time was spent on matters related to King LLC; in 2009 approximately 95 percent of King's time was spent on matters related to King LLC. (*Id.*) Currently, King does little more than handle administrative matters for PMK, LLC. (*Id.*)

Throughout, King alleges that he has not billed PMK, LLC, PMK Management, LLC, or 14039 LLC (collectively "PMK Entities") for legal services, nor has he offered the PMK Entities legal advice. (*Id.* at ¶ 18.)

*Lawsuits Against King*

In relation to the Broomfield Development, King and his partners in PMK, LLC are being sued.  As alleged in the complaints, PMK Management, LLC acquired the Broomfield Development on September 28, 2007.  (ECF No. 45 at 7 ¶ 16.)  On October 15, 2007, the property was conveyed to 14039 LLC.  (*Id.* at ¶ 17.)

The first complaint, filed by Mark Iveson and Jonathan Tepper ("Iveson/Tepper") in the District Court, City and County of Broomfield alleges negligent misrepresentation, breach of fiduciary duty, breach of contract, promissory estoppel, and unjust enrichment.  (*See* ECF No. 52 at 7 ¶ 13.)  The second complaint, by MMPN, LLC, Kenneth Landers and John Landers ("MMPN"), has not yet been filed.  (*Id.* at 8 ¶ 14.)  This complaint alleges the Landers were clients of King at White & Steele and at King LLC.  (*Id.* at ¶ 15.)  The MMPN complaint alleges legal malpractice against King and King LLC.  (*Id.*)

*MLM's Representation of King*

In August 2009, MLM undertook King's defense in the Iveson/Tepper action.  (ECF No. 52-1 at ¶ 25.)  King additionally forwarded to MLM a copy of the MMPN complaint, and MLM subsequently hired a law firm to represent King.  (*Id.* at ¶ 27.)

On February 19, 2010, MLM issued a reservation of rights letter on the Iveson/Tepper case.  (*Id.* at ¶ 26.)  In the letter, MLM did not mention the possibility of rescinding the Policy at that time.  (*Id.*)  However, on April 14, 2010 MLM sent a letter to King rescinding the Policy.  (*Id.* at ¶ 28.)  MLM tendered a check in the amount of $2,248.00 to rescind the policy.  (*Id.* at 9 ¶ 30.)  King has not endorsed or deposited that check.  (*Id.*)

**II.     Procedural History**

On April 22, 2010, MLM filed this action for declaratory judgment.  (ECF No. 1.) King subsequently filed an answer to the complaint and counterclaim against MLM on June 4, 2010.  (ECF No. 8.)  On October 5, 2010, MLM filed the present Motion for Summary Judgment.  (ECF No. 45.)  On January 27, 2011, discovery was stayed pending resolution of the Motion for Summary Judgment.  (ECF No. 63.)  The Court heard oral argument on the Motion on July 14, 2011, and took the matter under advisement.  (ECF No. 77.)

## DISCUSSION

The Court finds that there are genuine disputes of material fact which preclude a grant of summary judgment.  For example, MLM asserts that King knowingly misrepresented whether he was engaged simultaneously in the practice of law and another business at the time he completed his insurance policy application, and that King further knowingly misrepresented his practice when filing for a renewal of the Policy each subsequent year.  (ECF No. 45 at 13.)  King, however, argues that he had no intent to provide false information to MLM.  (ECF No. 52-1 at ¶¶ 12-15.)  Whether King intended to knowingly misrepresent his professional situation at the time he filled out the application is thus clearly contested.

Additionally, MLM argues that under Exclusion (3) of the Policy, MLM has no duty to defend King in the Iveson/Tepper and MMPN actions.  (ECF No. 45 at 18.) Exclusion (3) provides:

> any CLAIM arising out of PROFESSIONAL SERVICES rendered by any INSURED in connection with any business enterprise:
> (a)     owned in whole or in part;

>   (b) controlled directly or indirectly; or
>   (c) managed
> by any INSURED, and where the claimed DAMAGES resulted from conflicts of interest with the interest of any client or former client or with the interest of any person claiming an interest in the same or related business enterprise.

(Policy, ECF No. 45-1 at 12.) King, however, argues that the underlying complaints assert claims that do not arise from conflicts of interest and therefore King's claims for defense should not be excluded from the Policy. (ECF No. 52 at 17.)

The Court finds that there are genuine disputes of material fact as to whether King intentionally misled MLM in the application process and whether King's actions in relation to the Broomfield Development arise from conflicts of interest such that Exclusion (3) of the policy is triggered. As a result, the Court holds that summary judgment is not appropriate in this action.

## CONCLUSION

It is therefore ORDERED that Plaintiff's Motion for Summary Judgment, ECF No. 45, is DENIED in its entirety.

It is FURTHER ORDERED that the stay on discovery pursuant to ECF No. 63 is hereby LIFTED.[1]

Dated this 2nd day of August, 2011.

BY THE COURT:

William J. Martinez
United States District Judge

---

[1] The Court notes that yesterday Defendant filed his Suggestion of Bankruptcy, ECF No. 79. Any stay triggered by Defendant's Petition for Relief under Chapter 7 of the U.S. Bankruptcy Code is not affected by this Order.

7